**Randall H. BETTIS and Thelma C. Bettis**

v.

**LAKELAND, INC., et al.**

**Civ. No. 3–75–200.**

United States District Court, E. D. Tennessee, N. D.

Sept. 15, 1975.

William P. Newkirk, John A. Walker, Jr., Knoxville, Tenn., for plaintiffs.

Bruce E. Pashley, Sevierville, Tenn., Joe I. Majors, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Before the Court is a motion for summary judgment on behalf of defendants, Lakeland, Inc., Douglas Development Corporation, and Southern Industrial Banking Corporation. Plaintiffs filed suit on July 28, 1975, seeking to rescind the purchase of a lot in the Lakeland Development. Recission is sought pursuant to § 1703(b) of the Interstate Land Sales Full Disclosure Act [ILSFDA], 15 U.S.C. § 1701 *et seq.*

Plaintiffs purchased the lot from Lakeland on or about July 28, 1973, and made a down payment of $1,337.50. A note was executed for the balance of the purchase price, including interest, in the amount of $4,352.90. The note was assigned by Lakeland to Southern Industrial Banking Corporation [Southern Industrial] and is secured by a deed of trust on the property. This Court has jurisdiction pursuant to 15 U.S.C. § 1719.

It is not disputed that at the time of the sale of the lot to plaintiffs, a property report had not been furnished to them in accordance with the provisions of the ILSFDA.

Southern Industrial moves for summary judgment on the ground that it is a holder in due course of the note. Neither Southern Industrial nor plaintiffs has referred to Section 1702(a)(5), but it appears that this Section controls plaintiffs' right, if any, to maintain this action against Southern Industrial.

"§ 1702. *Exemptions*

"(a) Unless the method of disposition is adopted for the purpose of evasion of this chapter, the provisions of this chapter shall not apply to—

\* \* \* \* \* \*

"(5) the sale of evidences of indebtedness secured by a mortgage or deed of trust on real estate;"

In support of Southern Industrial's motion for summary judgment an affidavit of Mr. Keith Ament, a Vice President of the company, was filed. He states, *inter alia*, that "SIBC in no way participated in the sale of Lot 1312 by Lakeland, Inc., to the Plaintiffs herein." Plaintiffs do not take issue with this in their response. Furthermore, a reading of the complaint shows that it is not alleged that Southern Industrial's purchase of the note was done for the purpose of evading the ILSFDA. Accordingly, the motion for summary judgment will be sustained. This motion is not sustained because the Court does not have jurisdiction over the matter, as urged in a similar case now pending be-

fore the Court,[1] but because it does not appear that there is a genuine issue of material fact that Southern Industrial's purchase of the note was not carried out for purposes of evading the ILSFDA.

■ Douglas Development Corporation moves for summary judgment on the ground that it did not come into legal existence until after the transactions complained of had transpired and did not participate in any way in the sale of the lot to plaintiffs. It appears from the affidavit of Bruce E. Pashley that Douglas came into existence on or about May 28, 1975, when it was chartered pursuant to the laws of the State of Tennessee. It further appears by way of the affidavit that on June 6, 1975 Douglas "acquired most but not all of the assets of Lakeland, Inc. . . ."

Plaintiffs oppose the motion on the ground that Lakeland's sale of assets to Douglas was without notice to creditors and without assumption of Lakeland's liabilities. This, contends plaintiffs, is in violation of the Tennessee commercial law pertaining to bulk transfers, T.C.A. § 47–6–101 et seq.

The Court is of the opinion that the bulk transfer act has little or no application to the facts of this case. It does not appear from the record that plaintiffs were creditors of Lakeland before the transfer occurred. T.C.A. § 47–6–109(1). Furthermore, the bulk sales act applies to transfers of "materials, supplies, merchandise, or other inventory" [i. e. goods] by an enterprise "whose principal business is the sale of merchandise from stock . . ." T.C.A. § 47–6–102. See generally, Annot. 47 A.L.R.3d 1114 (1973).

In the case of Zachery v. Treasure Lake of Georgia, Inc., 374 F.Supp. 251 (N.D.Ga.1974), the court was confronted with the situation of landowners who attempted to bring suit against a successor corporation to the corporation with which the landowners had dealt in purchasing their property. In holding, under the facts of that case, that the successor corporation could not be sued, the court stated:

"[The successor corporation] is in fact and law, an entity completely separate and distinct from the corporations with whom the plaintiff transacted business. There is no corporate affiliation and no continuity of interests or control. [The successor corporation] did not sell plaintiff his lots, had no dealings with the plaintiff and therefore is not liable to plaintiff under the ILSFDA." Id. at 255.

The Court is not satisfied that under this test, or perhaps other appropriate legal tests, the record is presently in shape to enter summary judgment for Douglas. Accordingly, the motion will be denied without prejudice to raise these contentions at the time of trial on the merits.

■ Finally, defendant Lakeland contends that it is entitled to summary judgment because Section 1703(b) only allows recission of the "contract" and "agreement." Where there has been a valid delivery and acceptance of a deed, so the argument goes, there is no "contract" or "agreement" to rescind since this document is merged into the deed under common law principles.

We cannot agree. The ILSFDA provides specific exemptions to its operation. 15 U.S.C. § 1702. The delivery and acceptance of a deed is not a specific exemption. Furthermore, to carve out this type of judicial exception to the Act would render nugatory the obvious purpose of Section 1703(b) in protecting all purchasers of lots who bought without being shown a property report. Lakeland's motion will be denied.

Order accordingly.

1. *Higginbotham v. Lakeland, Inc., et al.*, Civil Action No. 3–75–224 (E.D.Tenn. filed August 14, 1975).